UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80971-CIV-MARRA

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

vs.

JONATHAN A. HART, *et al.*,

    Defendant.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court upon Defendants', Jonathan A. Hart ("Hart") and The Exchange Lounge, LLC d/b/a The Exchange ("Exchange") (collectively, "Defendants"), Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (DE 8). The motion is fully briefed and ripe for review. The Court has carefully considered the briefs and is fully advised in the premises.

**Background**

The Complaint filed in this case alleges that Plaintiff Joe Hand Productions, Inc. ("Plaintiff") entered into a contract for the right to distribute the UFC 107: Penn v. Sanchez broadcast scheduled for December 12, 2009, via closed circuit television and encrypted satellite signal. See DE 1 at ¶14. Plaintiff then entered into subsequent agreements with entities in the State of Florida, which allowed these entities to exhibit the broadcast to their patrons. Id. at ¶15. Defendants or their agents then either intercepted Plaintiff's signal via a cable system, in violation of 47 U.S.C. § 553, or via satellite transmission, in violation of 47 U.S.C. § 605. Id. at ¶30. The

Complaint alleges violations of 47 U.S.C. § 605 (Count I), violations of 47 U.S.C. § 553 (Count II), and a state law conversion claim (Count III).  See DE 1.

**Legal Standard**

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 1950.  When considering a motion to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff."  Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted).

**Discussion**

Defendants argue in their motion that the Complaint is an improper "shot-gun" pleading. (DE 8).  Plaintiff contends that the Complaint is well-pled and properly alleges alternative theories of liability against Defendants.  (DE 10).  "Shotgun" pleadings are pleadings in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  Anderson v. Dist. Bd. of Tr. of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir.1996).  The Court finds that the Complaint is not a shotgun pleading necessitating dismissal. Although each count of the Complaint does incorporate by reference all of the preceding

allegations, the Court finds the claims are sufficiently definite to enable Defendants to know with what they are charged and to enable Defendants to respond to the allegations. The motion to dismiss the shotgun pleading is denied.

Next, Defendants argue that, if Pennsylvania law applies, Plaintiff's conversion claim is deficient because Pennsylvania law does not recognize such a claim based on a satellite signal. (DE 8). Defendants further contend that, if Florida law applies to the conversion claim, Plaintiff failed to make a demand for return of its property from Defendants and therefore cannot pursue its claim. Id. In response, Plaintiff argues that Florida law applies to the conversion claim, and that Florida law recognizes a claim of conversion if intangible property is represented by or connected with something tangible, as was the satellite signal in this case. (DE 10)  Plaintiff further asserts that any demand made to Defendants for possession would have been futile. Id.

Florida courts use the "most significant relationship test" when determining which state law governs tort claims. Green Leaf Nursery v. E.I. Dupont De Nemours & Co., 341 F.3d 1292, 1301 (11th Cir.2003) (citing Garcia v. Pub. Health Trust of Dade Cnty., 841 F.2d 1062, 1064-65 (11th Cir.1988)). This test is derived from the Restatement (Second) Conflict of Laws and requires that courts take into account the following contacts: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Garcia, 841 F.2d at 1064 (quoting Restatement (Second) Conflict of Laws § 145 (1971)).  At this juncture, in the absence of record evidence relative to these factors, it is premature to decide which state law applies.  Since it is

arguable, however, that Florida law applies, the Court will analyze Defendants' arguments regarding conversion under Florida law.

Under Florida law, the elements of conversion are "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." Special Purpose v. Prime One, 125 F.Supp.2d 1093, 1099-1100 (S.D.Fla. 2000) (citing Warshall v. Price, 629 So.2d 903, 904 (Fla. 4th DCA 1993)).  Defendants claim that Plaintiff's failure to demand relinquishment of the property from them destroys Plaintiff's conversion claim.  Under Florida law, however, "[t]he 'demand and refusal' constitutes evidence of conversion but is not necessary to prove conversion if the plaintiff can otherwise demonstrate conversion." Matheson Tri-Gas, Inc. v. Sheehan, No. 8: 11-cv-401-T-23MAP, 2011 WL 1832708, at *4 (M.D.Fla. May 13, 2011).  Moreover, if a demand would be futile, it is not required. Mullenmaster v. Newbern, 679 So.2d 10086, 1187 (Fla. 4th DCA 1996).  Since we are dealing the alleged wrongful use of a broadcast, which cannot be returned once wrongfully shown, a demand for return of the wrongfully converted property would be futile.

The Court finds that the broadcast at issue may be the basis of a conversion claim because, under Florida law, a conversion claim "may extend to the wrongful taking of intangible business interests." Total Mktg. Techs., Inc. v. Angel Medflight Worldwide Air Ambulance Servs., LLC, No. 8: 10-cv-2680-T-33TBM, 2012 WL 33150, at *3 (M.D.Fla. Jan. 6, 2012) (citing In re Corbin's Estate, 391 So.2d 731, 732 (Fla. 3d DCA 1980)).  In Intelsat Corp. v. Multivision TV LLC, No. 10-21982-CIV, 2010 WL 5437261 (S.D. Fla. Dec. 27, 2010), a court specifically permitted a claim for conversion of satellite services.  Therefore, if it is later determined that Florida law applies in this case, it appears that Plaintiff has properly alleged conversion of the

UFC fight broadcast.  Hence, at this stage of the proceedings, the conversion count will not be dismissed.

Defendants next contend that Hart cannot be held personally liable for any of the counts in the Complaint as Plaintiff has failed to put forth sufficient allegations to pierce the corporate veil. (DE 8). Plaintiff argues that Hart is a proper defendant because the case law states that, in order to hold Hart vicariously liable under 47 U.S.C. § 605, Plaintiff simply has to show that Hart had a right and ability to supervise the violations and had a strong financial interest in such activities. (DE 10).

Plaintiff alleges in the Complaint that

6.  Upon information and belief, Defendant, JONATHAN A. HART, is an officer, director, shareholder and/or principal of THE EXCHANGE LOUNGE, LLC d/b/a THE EXCHANGE.

7.  Upon information and belief, Defendant, JONATHAN A. HART, was the individual with supervisory capacity and control over the activities occurring within the establishment on December 12, 2009.

8.  Upon information and belief, Defendant, JONATHAN A. HART, received a financial benefit from the operations of THE EXCHANGE LOUNGE, LLC d/b/a THE EXCHANGE, on December 12, 2009.

DE 1.  In other parts of the Complaint, Plaintiff alleges that "Defendants and/or their agents, servants, workmen and/or employees" perpetrated the acts that resulted in statutory violations.  Id. at ¶¶ 17-18, 25.

Generally, in order to pierce the corporate veil, Florida courts require persuasive evidence that: (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact nonexistent and the shareholders were alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper

5

purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant.  Hillsborough Holdings Corp. v. Celotex Corp., 166 B.R. 461, 468 (M.D. Fla. 1994).  The allegations in the Complaint do not satisfy this strict standard.

  Several courts, however, have held that in order to establish vicarious liability of an individual for a violation of 47 U.S.C. § 605, the plaintiff need only show that the individual defendant had the "right and ability to supervise the violations, and that he had a strong financial interest in such activities."  J & J Sports Prods., Inc. v. Arboleda, No. 6:09-cv-467-Orl-18DAB, 2009 WL 3490859, at *5 (M.D.Fla. Oct. 27, 2009).  Despite Plaintiff's contention to the contrary, the Court finds that these cases have articulated the correct legal standard.  The Court concludes that 47 U.S.C. § 605, and the rights it is intended to protect, are analogous to the rights protected under the Copyright Act.  The well-established standard for establishing vicarious liability in cases involving violations of the Copyright Act is whether an individual had the right and ability to supervise the wrongful conduct and had a direct financial interest.  See Klein & Heuchan, Inc. v. Costar Realty Info., Inc., 707 F.Supp.2d 1287, 1296 (M.D.Fla. 2010) (citing Shapiro, Bernstein & Co. v. H.L. Green Co., 316 F.2d 304, 307 (2d Cir.1963)).  Therefore, the Court concludes that the standard for vicarious liability based on a violation of 47 U.S.C. § 605 is the same standard imposed in copyright infringement cases.  Plaintiff has properly alleged vicarious liability under the correct standard and was not required to allege facts sufficient to pierce the corporate veil.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that upon Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (DE 8) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County Florida, this 16th day of April, 2012.

_____
KENNETH A. MARRA
United States District Judge